# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| KENTON DeVRIES,<br><br>        Plaintiff,<br><br>vs.<br><br>PIONEER WIRELINE SERVICES, LLC, f/k/a PIONEER LOG-TECH, LLC, a Delaware Limited Liability Company, and JOHN DOES I-V,<br><br>        Defendants. | CV 14-123-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Kenton DeVries ("DeVries") seeks a declaratory judgment and damages arising from interpretation of certain provisions of his employment agreement with his employer, Defendant Pioneer Wireline Services, LLC ("Pioneer"). *Am. Cmplt, Pet. for Declaratory Judgment and Jury Demand (ECF 3) at ¶¶ 21-33*.[1] Specifically, DeVries seeks: (1) a declaration that the agreement's non-disclosure and non-compete clause is invalid and unenforceable, *id. at ¶ 25* (Count One); (2) a declaration that Pioneer's breach of the agreement's double-

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.*

bonuses provision precludes Pioneer from enforcing the non-disclosure and non-compete clause, *id. at ¶30* (Count Two); (3) payment of double bonuses to which he claims entitlement under the agreement, *id. at ¶ 33* (Count Three); and (4) attorneys fees and costs, *id*. DeVries invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id. at ¶ 4*.

Now pending is Pioneer's motion to dismiss. *Mtn. to Dismiss (ECF 4)*. For the reasons set forth below, the Court recommends that Pioneer's motion be denied.

I. **BACKGROUND**

In his amended complaint and petition for declaratory judgment, DeVries alleges as follows:

DeVries has worked as a field engineer in the petroleum industry since obtaining a B.S. degree in 1996 in petroleum engineering. *ECF 3 at ¶ 6*. In 2004, he became an owner of Prairie Investors, d/b/a Competition Wireline Services and Competition Wireline Services, Inc. ("Prairie"). *Id*.

On February 29, 2008, DeVries and Prairie entered into an employment agreement. On that same day, Prairie was sold to Pioneer Log-Tech, LLC, which, a few days later, changed its name to Pioneer

Wireline Services, LLC.  *Id. at ¶¶ 8-9*.  Pioneer now owns all Prairie assets in Billings, Montana, including the employment agreement between DeVries and Prairie.  *Id. at ¶ 10*.

DeVries still works for Pioneer.  *Id. at ¶ 11*.  Since becoming an owner at Prairie in 2004, the only employment agreement DeVries has entered into is the one now owned by Pioneer.  *Id. at ¶ 12*.

DeVries' employment agreement with Pioneer contains a non-disclosure and non-compete clause.  It also contains terms under which DeVries is eligible for double bonuses.  *Id. at ¶14*.

Pioneer has informed DeVries that it will attempt to use the non-disclosure and non-compete clause to prevent him from seeking employment in his field with any other entity.  *Id. at ¶ 15*.

From March 2008 until February 13, 2011, DeVries received double bonuses under the terms of the employment agreement.  *Id. at ¶ 16*.  He claims he was entitled to receipt of double bonuses from February 13, 2011, through August 28, 2013.  *Id. at ¶ 17*.  Soon after August 28, 2013, DeVries requested a transfer to Dickinson, North Dakota, from where he no longer traveled the distance required to make double bonuses.  *Id. at ¶ 18*.

On September 12, 2014, DeVries filed this action. *Verified Cmplt. & Pet. for Declaratory Judgment (ECF 1) at 1*. On October 2, 2014, he filed his amended complaint and petition for declaratory judgment setting forth his claims listed above. *ECF 3 at ¶¶ 25, 30, and 33*.

## II. PARTIES' ARGUMENTS

Pioneer seeks dismissal of all of DeVries' claims. Pioneer generally argues that "they request impermissible advisory opinions or concern disputed breach of contract facts not appropriately resolved through a declaratory judgment action." *Pioneer's Opening Br. (ECF 5) at 3*.

More specifically, Pioneer argues that: (1) Counts One and Two, which seek declaratory relief, are not justiciable because they seek an advisory opinion and do not present an actual case or controversy over which this Court has subject-matter jurisdiction, *id. at 3-8*; (2) Count One, which seeks a declaration voiding the non-disclosure and non-compete clause, does not present a justiciable controversy because: (a) DeVries still works for Pioneer; (b) DeVries has not threatened to disclose Pioneer's trade secrets; and (c) Pioneer has not invoked the clause, *id. at 8-11*; (3) Count Two, seeking a declaration that Pioneer

breached the agreement by refusing to pay double bonuses, involves factual disputes not appropriately determined in a declaratory judgment action and, even if Pioneer did breach the agreement, it would not excuse DeVries from performing other contractual obligations, *id. at 11-13*; and (4) Count Three, seeking enforcement of the agreement's double-bonus-for-travel clause, fails under the agreement's plain language and because contested facts preclude declaratory relief and attorneys' fees and costs, *id. at 13-14*.

In response, DeVries argues that his claims for declaratory relief are justiciable under U.S. Supreme Court precedent, and that his separate claim for damages in Count Three also is justiciable. *DeVries' Resp. Br. (ECF 8) at 2*. He argues that both claims for declaratory judgment present a justiciable case or controversy because: (1) he alleges that he "has been informed by Pioneer that Pioneer will attempt to use the non-disclosure and non-compete clause to prevent [him] from seeking employment in his field with any other entity[,]" *id. at 3*; (2) under U.S. Supreme Court authority, if a party's legal rights are genuinely and actively contested, the party need not assume the risk of severe consequences by waiting before seeking a declaration of the

party's rights, *id.*; (3) Pioneer could "have negated the justiciability of [his] claims for declaratory judgment by filing a covenant not to sue [him] for any future breach of the non-compete provision" but has not done so, *id. at 4*; and (4) his claims properly "ask the court to declare a contractual provision unenforceable in order to clarify and settle legal relations and provide relief from uncertainty[,]" *id. at 5-6*.

DeVries also argues that: (1) Count One is not hypothetical or speculative because Pioneer has placed a full restraint on his ability to engage in any activity in competition with Pioneer, *id. at 7-8*; (2) Count Two is justiciable because courts can decide legal issues under the Declaratory Judgment Act even if there are factual disputes raised and the agreement's clear language provides that DeVries is "entitled" to double bonuses that he is "eligible" to receive, *id. at 8-10*; and (3) Count Three should not be dismissed because it seeks damages in the form of double bonuses DeVries was to receive and is not a claim for declaratory relief, *id. at 11-12*.

In reply, Pioneer reiterates its position that Counts One and Two are not justiciable because DeVries remains an employee and, although "he alleges a threat of enforcement of post-employment non-compete

and non-disclosure provisions of his employment agreement, no such enforcement has taken place or could take place while he remains employed by Pioneer." *Pioneer's Reply Br. (ECF 9) at 2.* Also, Pioneer argues that Count Three fails to state a claim for which relief can be granted because of the agreement's clear language stating that DeVries is "eligible" to receive job-based bonuses." *Id. at 4-5.*

## III. DISCUSSION

### A. Legal Standards

Pioneer challenges Counts One and Two, which seek declaratory relief, for lack of subject matter jurisdiction under Rule 12(b)(1). *ECF 5 at 3-13.* And, it challenges Count Three, which seeks enforcement of a provision of the employment agreement and damages, for failure to state a claim for which relief can be granted under Rule 12(b)(6). *Id. at 13-14; ECF 9 at 4-5.*

A Rule 12(b)(1) motion may assert either a facial or factual attack on the allegations. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A party making a facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A party making a factual attack, on

the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

In this case, Pioneer's attack on DeVries' Counts One and Two is facial. It asserts that both counts, on their face, constitute improper requests for advisory opinions and thus do not come within this Court's subject matter jurisdiction. *ECF 5 at 8-13*. As noted, Pioneer argues that Count One, concerning the non-compete and non-disclose clause, involves a non-justiciable controversy because DeVries remains employed by Pioneer and has neither left his employment nor threatened to disclose Pioneer's trade secrets. And Pioneer argues that Count Two, on its face, is not appropriate for declaratory relief because fact disputes exist respecting whether DeVries is eligible for or entitled to certain bonuses under the agreement. Because Pioneer's attack on these claims is facial, "all factual allegations in [DeVries' amended] complaint are taken as true and all reasonable inferences are drawn in his favor." *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

Respecting Pioneer's motion to dismiss DeVries' Count Three, "[d]ismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient

facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 2014 WL 4290615, *10 (9th Cir. 2014).

### B. <u>Analysis</u>

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction ... any court in the United States, upon the filing of an appropriate

> pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The phrase "a case of actual controversy" refers to the types of "cases" and "controversies" justiciable under Article III of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted). For a dispute to be a "case or controversy," it must be:

> real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. ... Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*MedImmune*, 549 U.S. at 127 (citations and internal quotation marks omitted).

Taking DeVries' allegations as true, as it must, the Court

concludes that Counts One and Two of the amended complaint present sufficiently immediate and real controversies to withstand Pioneer's motion to dismiss. As noted, DeVries alleges that: (1) he has more than 18 years of experience as a petroleum engineer, *ECF 3 at ¶ 6*; (2) he and others sold their company to Pioneer and he has been working for Pioneer, with which he has an employment agreement, for more than six years, *id. at ¶¶ 8-9*; (3) the employment agreement contains a non-disclosure and non-compete clause, *id. at ¶ 14*; and (4) Pioneer has informed him that it will attempt to enforce the clause to prevent him from seeking employment in his field with any other entity, *id. at ¶ 15*.

These allegations, especially Pioneer's threat to enforce the non-disclosure and non-compete clause, permit the reasonable inference that DeVries will face imminent injury if he seeks employment in his field with another entity. On the current record, Pioneer does not deny the allegation. Thus, whether the non-disclosure and non-compete clause is valid and enforceable or an unlawful restraint on DeVries' pursuit of his trade and profession presents a "real and substantial" and "definite and concrete" controversy that "touch[es] the legal relations of parties having adverse legal interests." *MedImmune*, 549

U.S. at 127. Accordingly, at this juncture, the Court concludes that DeVries' claims for declaratory relief do not seek advisory opinions and are not appropriate for dismissal based on lack of subject-matter jurisdiction.

Respecting Count Three, as noted, Pioneer maintains that it fails to state a claim upon which relief can be granted under Rule 12(b)(6). *ECF 9 at 4-5*.[2] The Court disagrees.

Count Three alleges that DeVries was not paid double bonuses earned under his employment agreement during a certain period of time. *ECF 3 at ¶¶ 32-33*. DeVries seeks damages and does not seek declaratory relief under this claim. *Id. at ¶ 33*. He also seeks attorneys fees and costs. *Id*.

Under the authority cited above, the Court concludes that DeVries has stated a claim that is plausible on its face. First, he alleges breach of contract, which is a cognizable legal theory.

Second, he alleges facts sufficient to support the theory. His allegations are that: (1) his employment agreement with Pioneer contains a clause providing for double bonuses in certain situations, *id*.

---

[2]Pioneer does not cite to Rule 12(b)(6), but its argument leaves no doubt that it is challenging Count Three for failure to state a claim.

*at* ¶¶ *14, 16-18*; (2) he was entitled to receive double bonuses for a certain period of time, *id. at* ¶ *17*; (3) he was not paid such bonuses during that period of time, *id. at* ¶ *33*; and (4) the employment agreement provides for an award of attorneys fees and costs to a prevailing party in any litigation in relation to the employment agreement, *id. at 20.*

The Court concludes that Count Three contains sufficient factual allegations to support a cognizable legal theory for breach of contract. *See Zixiang Li*, 710 F.3d at 999. And, DeVries' amended complaint contains "a short and plain statement of [his] claim showing that [he] is entitled to relief." *Iqbal*, 556 U.S. at 677-78. In sum, he has adequately stated a claim for breach of contract. Thus, Pioneer's motion must be denied. To the extent Pioneer challenges DeVries' alleged facts, such a challenge is more appropriately addressed at later stages of the litigation on a more fully-developed record.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that Pioneer's motion to dismiss *(ECF 4)* be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve

a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 10th day of December, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge